IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL WESLEY**, | Case No. 3:15-cv-440-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DR. GULICK, Nurse BUTLER, Male Nurse Doe, NURSE NEIL**, Dr. **STEVEN SHELTON, Nurses Jane and John Does 1-10** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation ("F&R") in this case on August 25, 2017. ECF 42. Judge Beckerman recommended that Defendants' summary judgment motion (ECF 31) be granted as to both of Plaintiff's claims. Judge Beckerman also made recommendations on preliminary procedural matters raised in Defendants' motion (ECF 31) and Plaintiff's response (ECF 37). Judge Beckerman recommended that Defendants' motion to dismiss claims asserted against all Doe nurses be granted, that service by Plaintiff on Defendants be found proper, that both Plaintiff's and

Defendants' motions to strike be denied, and that Defendants' motion to dismiss Plaintiff's claims relating to treatment in 2010 be granted as time barred.

## DISCUSSION

### A. Standards

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

### B. Plaintiff's Objections

Plaintiff timely filed an objection (ECF 44), to which Defendants responded (ECF 45). Plaintiff's primary objection is that the F&R purportedly shifts the burden of proof from Defendants to Plaintiff, arguing that the F&R improperly required Plaintiff to prove his case,

PAGE 2 – OPINION AND ORDER

which is a higher burden than is required for a plaintiff to respond to a motion for summary judgment. Plaintiff objects specifically to the following conclusions:

> "Wesley has failed to produce sufficient evidence to support a negligence claim resulting from Nurse Neill's March 27, 2013 catheter change, let alone to support a finding that any of the Defendants acted with gross negligence or deliberate indifference to his serious medical needs." ECF 42 at 25.
>
> "Wesley has not submitted any evidence to support a conclusion that Defendants were deliberately indifferent to his serious medical needs in connection with [the May 2013] catheter change, or his routine medical care." ECF 42 at 26.
>
> "Wesley has not submitted any expert or other medical evidence to demonstrate a material issue of fact regarding the appropriate standard of care, or that Defendants breached the standard of care, and therefore he has not met his burden to survive summary judgment." ECF 42 at 27.

Plaintiff also objects to the recommendation not to strike Dr. Steven Shelton's declaration, and the F&R's reliance on that declaration in making other findings and recommendations. Plaintiff further objects to several factual findings, including the dates and number of successful catheter changes, and the finding that administering antibiotics to which Plaintiff had a known allergy was within the standard of care. This Court has reviewed *de novo* the objected-to portions of the F&R as well as Plaintiff's objections, Defendants' response, the underlying briefing before Judge Beckerman, and the summary judgment record.

This Court agrees with the F&R's reasoning and conclusions in recommending not to strike Dr. Shelton's declaration and adopts that portion of the F&R. Plaintiff argues that Dr. Shelton's declaration should be stricken because his testimony does not meet the requirements to qualify as expert testimony under Rule 702 of the Federal Rules of Evidence as set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). First, *Daubert* and its progeny are consistent with the rule that "an expert might draw a conclusion from a set of

PAGE 3 – OPINION AND ORDER

observations based on extensive and specialized experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999). Dr. Shelton's declaration is based on his extensive experience as the Oregon Department of Corrections medical director and his observation of Plaintiff's medical chart. Moreover, Plaintiff's reliance on *Daubert* at this stage in litigation is misplaced. At summary judgment, parties need not produce evidence that would be admissible at trial, so long as the party satisfies the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See Block v. City of Los Angeles*, 253 F.3d 410, 418-21 (9th Cir. 2001). Rule 56(c)(4) requires that declarations used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. Fed. R. Civ. P.56(c)(4). For the reasons stated in the F&R, Dr. Shelton's declaration meets these requirements, and reliance on the declaration is appropriate.

This Court also adopts the portion of the F&R recommending that summary judgment be granted for Defendants on Plaintiff's Eighth Amendment claim. Plaintiff has not raised a genuine question of material fact as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. The F&R stated and applied the correct burden of proof upon the parties at summary judgment. Summary judgment is appropriate if the evidence, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 37, 322 (1986). Although the initial burden is on the moving party to demonstrate that there is no genuine issue of material fact, the nonmoving party must then present sufficient evidence to establish that there is a genuine issue for trial. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no 'genuine issue for trial'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 487 (1986) (citation omitted). In Eighth Amendment claims for inadequate medical care, a plaintiff must demonstrate that a defendant was deliberately indifferent to the plaintiff's serious medical need. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Plaintiff established that he has objectively serious medical needs. In order to survive a motion for summary judgment, therefore, Plaintiff must raise a genuine issue of material fact as to whether Defendants' response to his serious medical needs was deliberately indifferent.

Plaintiff argues that the F&R mischaracterized Plaintiff's medical chart in observing that 35 of 39 catheter replacements took place within four weeks of the previous replacement, as prescribed, and that 37 of 39 catheter replacements were otherwise uneventful. Plaintiff asserts that the entirety of his record reflects much more serious lapses in care, sufficient to raise a genuine question as to whether Defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff, however, does not identify more than four instances where the catheter changes were more than four weeks apart. And the additional catheter replacements that Plaintiff maintains should have been considered "eventful" were early catheter changes that Plaintiff requested because the catheter was not draining properly. Rather than demonstrating deliberate indifference, Defendants' medical chart indicates that Snake River Correctional Institution ("SRCI") medical personnel responded promptly to Plaintiff's complaints of a defective catheter. The other medical incidents that Plaintiff contends were overlooked in the F&R, such as urinary tract infections ("UTIs") and bladder spasms, are, per Plaintiff's affidavit, complications arising from his status as a T4/T5 paraplegic. ECF 38 at 2: ¶ 6. The medical staff at SRCI prescribed Plaintiff antibiotics for his UTIs and arranged for Plaintiff to see an outside specialist to address the frequency of Plaintiff's bladder infections. The occurrence of these complications and

Defendants' responses to them, therefore, are insufficient to establish a genuine issue of whether Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff was prescribed antibiotics to which he had a known allergy twice: once in June 2010 and once in March 2015. Plaintiff had allergic reactions to antibiotics at other points during his incarceration, but there is no indication that his allergies to those antibiotics were known at the time they were prescribed. Judge Beckerman recommended—and Plaintiff does not object—that Plaintiff's claims arising from his treatment in 2010 be dismissed as time barred. This Court has reviewed that recommendation for clear error. No such error is apparent, and Plaintiff's claim arising from his 2010 treatment is therefore time-barred. Were it not, the 2010 prescription would nevertheless not support an inference of deliberate indifference. A difference of opinion between a physician and the inmate does not amount to deliberate indifference unless the plaintiff demonstrates that the prison doctors chose a course of treatment that was "medically unacceptable under the circumstances," and that such a choice was made "in conscious disregard of an excessive risk to plaintiff's health." *Colwell v. Bannister*, 763 F.3d, 1060, 1068 (9th 2014) (citing *Snow v. McDaniel*, 681 F.3d 978, 987 (9th 2012)). Dr. Shelton asserted, and Plaintiff does not rebut, that only two antibiotics would have been effective to treat Plaintiff's infection, and of those two, the only one available was Cipro, to which Plaintiff is allergic. ECF 34-1 at 7. Plaintiff's healthcare provider was forced to choose between prescribing an antibiotic that he knew may give Plaintiff hives, ECF 34-2 at 48, and leaving Plaintiff's UTI untreated. Given Plaintiff's history of sepsis, and the danger posed to him by UTIs, his healthcare provider's response was neither "medically unacceptable under the circumstances," nor "in conscious disregard of an excessive risk to Plaintiff's health."

On March 24, 2015, Plaintiff was accidentally, rather than deliberately, prescribed an antibiotic to which he was allergic. Plaintiff was prescribed Augmentin to treat a UTI, despite a note in his chart that Plaintiff was allergic to that antibiotic. Approximately 36 hours after Plaintiff was prescribed the antibiotic, the pharmacy alerted the nurse on duty that Plaintiff had been improperly prescribed the drug. Plaintiff was promptly evaluated for an allergic reaction and given a new prescription. ECF 34-1 at 9. The improper prescription was an accident. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Though the prescription may have been careless, even negligent, Defendants' quick response once the mistake was identified does not support an inference that Defendants wantonly inflicted unnecessary pain. Considering the record as a whole, and construing all inferences in Plaintiff's favor, this Court agrees with the F&R that Plaintiff has not raised a genuine question as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. Summary judgment for Defendants on Plaintiff's claim for a violation of his Eighth Amendment rights is proper.

The Court, however, does not adopt the portion of the F&R relating to Plaintiff's negligence claim. The Court finds that Plaintiff has raised a genuine question as to the standard of care in replacing a catheter and whether Defendants breached that standard. In medical negligence cases, expert testimony is generally necessary to establish the standard of care, which is determined by the reasonable practice in the community. *See*, *Getchell v. Mansfield,* 260 Or. 174, 179 (1971) ("In most charges of negligence against professional persons, expert testimony is required to establish what the reasonable practice is in the community."). Thus, although Plaintiff need not *prove* the standard of care, Plaintiff must present expert testimony as to these

elements in order to raise a genuine issue of fact as to whether Defendants breached the standard of care. *See Thompson v. Luna*, 441 F. App'x 528, 529 (9th Cir. 2011) (holding that the "district court properly granted summary judgment on [the plaintiff's] state law claims because [the plaintiff] failed to rebut with expert medical testimony defendants' showing that they met the appropriate standard of care . . .").

Expert testimony can include both testimony from experts retained specifically for the purpose of litigation, who must make pre-trial disclosures establishing the basis of their expertise and opinion, *see* Fed. R. Civ. P. 26(a)(2)(B), and other experts, often treating physicians, who need not make similar disclosures, *see* Fed. R. Civ. P. 26(a)(2)(C). Though not hired as an expert witness by Plaintiff, Dr. Thomas Bristol, as an SRCI treatment provider and frequent treating physician of Plaintiff, is qualified to give an opinion on the reasonable practices in the medical community for catheter insertions. *See* ECF 39-29 (Deposition of Dr. Bristol) at 21:9-24:1 (discussing catheter insertion process in detail).

In his deposition testimony, Dr. Bristol adopted the statement that it would "be something of a warning" if a catheter balloon normally accepts six cubic centimeters of saline and will only take four cubic centimeters. *Id.* at 24:11-16. He further opined that "if there's something in the procedure that happens that's unusual, unexpected, you're going to re-evaluate what's going on" and that he "might want to deflate and move the catheter and readjust." *Id.*at 25:2-5. Viewing the facts in the light most favorable to Plaintiff, Dr. Bristol's statements are sufficient to raise a genuine question as to whether a reasonable nurse should have known that there was a problem with the catheter insertion when the balloon refused to take more than four cubic centimeters of saline, and taken measures to confirm that the insertion was proper. Plaintiff asserts in his affidavit that Defendant Neill acknowledged that the balloon would take only four cubic

centimeters of saline, but took no steps to confirm that the insertion was proper. Thus, Plaintiff has raised a genuine question as to whether Defendant Neill breached the standard of care. Defendants, therefore, have not demonstrated that they are entitled to summary judgment on Plaintiff's negligence claim.

For the remaining portions of the F&R, to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

**C. Supplemental Jurisdiction**

Because this order dismisses Plaintiff's sole federal claim, there remains a question of whether the Court should retain supplemental jurisdiction over Plaintiff's remaining state law claim. A district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Moreover, when a district court dismisses all federal-law claims before trial, "the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc ) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims'") (citation omitted).

The Court finds that the factors of judicial economy, convenience, and fairness weigh in favor of the Court declining to exercise supplemental jurisdiction. State court is a convenient forum for the parties, and declining to exercise supplemental jurisdiction respects the values of federalism and comity. There is no purpose to be served by the federal court exercising

supplemental jurisdiction over the state law medical negligence claim, and the Court declines to do so. Accordingly, Plaintiff's state-law claim is dismissed, without prejudice, and with leave to refile in state court.

## CONCLUSION

The Court ADOPTS IN PART the F&R (ECF 42), as supplemented herein. Defendants' Motion for Summary Judgment (ECF 31) is GRANTED in part and DENIED in part. The motion is granted as to Plaintiff's § 1983 claim, and that claim is dismissed with prejudice. The motion is denied as to Plaintiff's negligence claim. The Court, however, declines to exercise supplemental jurisdiction over Plaintiff's remaining negligence claim under state law. That claim is dismissed without prejudice. Under 28 U.S.C. § 1367(d), the statute of limitations on Plaintiff's state law negligence claim is tolled while the claim is pending and until thirty (30) days after the filing of this Opinion and Order of dismissal, thus allowing Plaintiff time to file a new action in state court, if he chooses, without a lapse of his rights. Defendants' motion to dismiss claims against all Doe nurses is granted. Defendants' motion to strike is denied. Defendants' motion to dismiss Plaintiff's claims relating to treatment in 2010 is granted. Plaintiff's motions to strike (ECF 37) are denied.

**IT IS SO ORDERED.**

DATED this 30th day of October, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
